UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ORLEANS DIVISION

| | | |
|---|---|---|
| GILBERT DAUPHINE, JR. | * | CIVIL ACTION NO: |
| VERSUS | * | JUDGE: |
| REC MARINE LOGISTICS, LLC, ENERGY XXI USA, INC, ENERGY XXI GULF COAST, INC. AND ENERGY XXI, LTD. | * | MAGISTRATE: |

## COMPLAINT FOR DAMAGES FOR PERSONAL INJURY
(With Jury Demand)

NOW INTO COURT, through undersigned counsel, comes Complainant, **GILBERT DAUPHINE, JR.**, a person of the full age of majority and a resident and domiciliary of Oauchita Parish, Louisiana, who with respect represents:

1.

This cause of action arises pursuant to the Jones Act, 46 U.S.C 688 and the Admiralty and General Maritime Law, 28 USCA §1333, et seq.

2.

The following are made Defendants herein:

A. **REC MARINE LOGISTICS, LLC**, a Louisiana limited liability company, domestic licensed to do and doing business within the State of Louisiana and the jurisdiction of this Court, having its principal place of business in Lafourche Parish, Louisiana and which has appointed its registered agent for service of process; namely Ronald Chaddock, 15360 Highway 3235, Cut Off, Louisiana 70345, (sometimes hereinafter referred to as "**REC MARINE**");

B. **ENERGY XXI USA, INC**, is thought to be a foreign corporation, organized and existing by virtue of the laws of the State of Texas, licensed to do and doing business within the State of Louisiana and the jurisdiction of this Court, and it may be cited to appear and answer herein be serving its registered agent for service of process; namely Capitol Corporate Services, Inc., 8559 United Plaza Building, II, Ste. 305, Baton Rouge, Louisiana 70809 (sometimes hereinafter referred to as **"ENERGY"**);

C. **ENERGY XXI GULF COAST, INC.**, a Louisiana limited liability company having its principal place of business in St. Tammany Parish, Louisiana and which has appointed its registered agent for service of process; namely CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816, (sometimes hereinafter referred to as "ENERGY", collectively with Defendants **ENERGY XXI USA, INC. and ENERGY XXI, LTD.**); and

D. **ENERGY XXI, LTD**, a Louisiana limited liability company having its principal place of business in St. Tammany Parish, Louisiana, 234 Gas Plant Road, Grand Isle, Louisiana 70358, (sometimes hereinafter referred to as "ENERGY", collectively with Defendants **ENERGY XXI USA, INC. and ENERGY XXI GULF COAST, INC.**);

which Defendants are justly and truly indebted to Complainant **GILBERT DAUPHINE, JR.** in an amount not less than THREE-MILLION ($3,000,000.00) DOLLARS, for the following, to-wit:

3.

At all times pertinent hereto, the Defendant, **REC MARINE**, was the employer of Complainant, **GILBERT DAUPHINE, JR.** within the meaning of the Jones Act and the General Maritime Law of the United States of America. It is alleged that Petitioner, **GILBERT DAUPHINE, JR.** was a "seaman" as defined in the Jones Act and General Maritime Law of the United States of America.

4.

**ENERGY** is, and was, at all times relevant herein, an oil and gas company focused on the acquisition, and development of, mature oil and gas properties in the Gulf of Mexico.

5.

That, at all times relevant, **REC MARINE, LLC** is, and was, engaged in providing offshore supply vessels to companies for their work off the Louisiana coast, among other places.

6.

At all times pertinent hereto, Petitioner was employed aboard a vessel owned by the Defendant, **REC MARINE**, specifically the M/V Emily D, on navigable waters located in the Gulf of Mexico and off the coast of the State of Louisiana, in the course and scope of his employment as a seaman and deckhand consistent with and in pursuit of the mission of said vessel and his capacity contributed to the overall mission of the said vessel which entitles him to "seaman" status in these proceedings.

7.

On information and belief, Defendant, **ENERGY** owned, operated, managed and controlled a certain production platform and appurtenances located in the Gulf of Mexico and off of the coast of the State of Louisiana.

8.

On or about October 9, 2015, Petitioner, **GILBERT DAUPHINE, JR**, was employed by Defendant, **REC MARINE**, as a deckhand and "seaman" and was injured when a crane being operated by an employee of Defendant, **ENERGY**, dropped a personnel basket on the Complainant, thus injuring Petitioner as hereinafter set forth.

9.

That, the injuries and damages suffered by **GILBERT DAUPHINE, JR.** were caused by reason of the legal fault, negligence, carelessness, and omission of duty on the part of the

Defendant, **ENERGY**, without any legal fault, negligence, carelessness or omission of duty on the part of **GILBERT DAUPHINE, JR.**, causing, or in any way contributing thereto.

10.

Complainant further alleges that said injury was proximately, solely and/or concurrently caused by negligence of the Defendant, **REC MARINE**, and/or the unseaworthiness of the vessel "M/V Emily D," due to an inherently dangerous vice and/or defect in said vessel and its material appurtenances which are necessary or part of the intended mission of the said vessel.

11.

The Defendants are liable for any and all acts and omissions committed by its employees and crew or other individuals for whom they are responsible under the doctrine of respondeat superior.

12.

The fault, carelessness, negligence and/or omission of duty of Defendant, **ENERGY**, and/or those for whom Defendant is responsible, consisted of, among other things, all of the following:

    a. Failure to properly and safely utilize it's crane and personnel basket;

    b. Placing Complainant in an unsafe and precarious position;

    c. Failure to provide a reasonably safe place to work;

    d. Failure to provide proper safety precautions;

    e. Failure to supervise, educate and train its employees and/or those under its direct supervision properly;

    f. Requiring Complainant either directly or indirectly to conduct a known hazardous and dangerous maneuver in the interest of time instead of safety;

    g. Failure to provide an adequate personnel and/or assistance when requested;

  h. Failure to provide and/or require the use of proper safety equipment;

  i. Failure to take the necessary measures to avoid the accident which it knew or in the exercise of due and reasonable care, should have known was imminent;

  j. Failure to exercise that degree of care necessary for the adequate protection and supervision of Petitioner **GILBERT DAUPHINE, JR**;

  k. Breach of a legally imposed duty of reasonable care owed by Defendant to Complainant; and

  l. Any and all other acts of negligence and/or unseaworthiness which may be proved at trial.

13.

The fault, carelessness, negligence and/or omission of duty of Defendant, **REC MARINE**, and/or those for whom Defendant is responsible, consisted of, among other things, all of the following:

  b. Breach of a legally imposed duty of reasonable care owed by Defendant **REC MARINE** to Petitioner;

  c. Failure to provide a safe and seaworthy vessel;

  d. Failure to provide an adequate crew and/or assistance when requested;

  e. Failure to provide and/or require the use of proper safety equipment on said vessel;

  f. Failure to supervise, educate and train the employees and crew properly;

  g. Failure to take the necessary measures to avoid the accident which it knew or in the exercise of due and reasonable care, should have known was imminent;

  h. Failure to exercise that degree of care necessary for the adequate protection and supervision of Petitioner **GILBERT DAUPHINE, JR**;

  i. Failure to provide Petitioner with adequate and timely medical care and attention; and

j.  Any and all other acts of negligence and/or unseaworthiness which may be proved at trial.

14.

Solely as a consequence of the legal fault, negligence, carelessness, and omission of duty on the part of these Defendants, unseaworthiness of the vessel, and other acts and inactions described herein, Complainant, **GILBERT DAUPHINE, JR.** sustained serious injuries to his back, neck, left knee, ligaments, muscles, nervous system and other tissues of his body, all of which in the past required, and may in the future continue to require medicines, medical care and treatment; he has in the past suffered and may in the future continue to suffer agonizing aches, pains and mental anguish; he has, in the past, been disabled from performing his usual duties, occupations and avocations.

15.

As a result of these injuries, Petitioner has suffered severe pain, soreness, stiffness and tenderness of the injured areas, weakness, mental anguish and dysfunction, disability, limitation of movement and impairment of all functions, for which he claims as an element of recoverable damages, for past, present and future, such amounts as are reasonable in the premises.

16.

Further, as a result of the aforementioned injury Complainant has been unable to continue his occupation, has been unable to pursue substitute work, and has been handicapped in all of his activities.  Additionally, he has incurred significant expenses for medical care, and will incur additional medical expenses in the future.

17.

That, as a direct result of the foregoing, Complainant, **GILBERT DAUPHINE, JR**, has suffered, is suffering and will continue to suffer damages, consisting of past and future physical

pain and mental anguish and suffering, past disability and permanent future disability, loss of wages, loss of earning capacity, loss of enjoyment of life, and past, and possibly, future medical expenses, in an amount of not less than THREE-MILLION AND NO/100 (3,000,000.00) DOLLARS, as nearly as the same can now be estimated.

18.

Additionally, Complainant is a "seaman" within the meaning of the General Maritime Law and therefore is entitled to and seeks maintenance and cure benefits from Defendant **REC MARINE**. Since Defendant has failed to timely pay and/or adequately pay maintenance and provide cure to which Complainant is entitled, Complainant alleges Defendant, **REC MARINE** is liable for punitive damages, attorney's fees, litigation expenses, court costs and enhanced compensatory damages for the wanton and willful disregard of its obligation to provide maintenance and cure to Complainant as a "seaman".

19.

Complainant alleges that the aforementioned acts of negligence and unseaworthiness have been wanton, willful and reckless and, as such, Defendants, **REC MARINE** and **ENERGY**, are liable for punitive damages, attorney's fees, litigation expenses, court costs and enhanced compensatory damages.

20.

Plaintiff alleges that he is entitled to prejudgment interest for any monetary amount that may be rendered.

21.

Complainant desires a trial by jury on all of the issues of this case.

22.

**WHEREFORE**, Complainant, **GILBERT DAUPHINE, JR.,** prays that Defendants be served with a copy of this Complaint for Damages and that they be duly cited to appear and answer herein; that after the lapse of all legal delays and due proceedings had, there be a judgment in favor of **GILBERT DAUPHINE, JR.** against Defendants **REC MARINE LOGISTICS, LLC, ENERGY XXI USA, INC., ENERGY XXI GULF COAST, INC.** and **ENERGY XXI LTD.,** jointly, severally and in solido in the full and true sum of THREE-MILLION AND NO/100 ($3,000,000.00) dollars, as nearly as the same can now be estimated, together with all costs, legal interest, punitive damages and all just and equitable relief.

Respectfully submitted,

**ERROL L. CORMIER, APLC**

_/s/ Errol L. Cormier_

**ERROL L. CORMIER**
Bar Roll No. 22024
1538 West Pinhook Road, Suite 101
Lafayette, Louisiana 70503
(337) 237-2100
errol@errolcormier.com
Attorney for Complainant,
**GILBERT DAUPHINE, JR.**

*SERVICE INFORMATION*:

**REC MARINE LOGISTICS, LLC.**
through its agent for service
Ronald Chaddock
15360 Highway 3235
Cut Off, Louisiana 70345

and

**ENERGY XII USA, INC.**
through its agent for service
Capitol Corporate Services, Inc.
8559 United Plaza Building, II, Ste. 305
Baton Rouge, Louisiana 70809

and

**ENERGY XXI GULF COAST, INC.**
through its agent for service
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816

and

**ENERGY XXI, LTD.**
through its agent for service
234 Gas Plant Road
Grand Isle, Louisiana 70358