#1213573  0584-20156

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GILBERT DAUPHINE, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 2:16-cv-15370** |
| **REC MARINE LOGISTICS, LLC, ENERGY XXI USA, INC, ENERGY XXI GULF COAST, INC. AND ENERGY XXI, LTD.** | **JUDGE IVAN L.R. LEMELLE**<br><br>**MAGISTRATE JUDGE JANIS van MEERVELD** |

### REC MARINE LOGISTICS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes defendant, REC Marine Logistics, LLC (hereinafter sometimes referred to as "REC Marine" or "Defendant"), and in response to the Complaint for Damages for Personal Injury filed by plaintiff, Gilbert Dauphine, Jr., respectfully avers as follows:

### FIRST DEFENSE

Plaintiff's Complaint for Damages for Personal Injury (hereinafter referred to as the "Complaint") fails to state a claim against REC Marine upon which relief can be granted.

### SECOND DEFENSE

REC Marine avers that plaintiff's claims are barred by the applicable statute of limitations and/or prescription and/or laches.

### THIRD DEFENSE

AND NOW, in response to the specific allegations of plaintiff's Complaint, REC Marine avers as follows:

1.

The allegations of Paragraph 1 contain conclusions of law which require no response on the part of REC Marine. To the extent a response is deemed necessary, the allegations of Paragraph 1 are denied for lack of sufficient information to justify a belief therein.

2.

It is admitted that REC Marine is a Louisiana Limited Liability Company licensed to do and doing business within the State of Louisiana. Except as specifically admitted, the allegations contained in Paragraph 2, including all subparts, are denied for lack of sufficient information to justify a belief therein.

3.

The allegations of Paragraph 3 contain conclusions of law which require no response on the part of REC Marine. To the extent a response is deemed necessary, the allegations of Paragraph 3 are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in Paragraph 4 are denied for lack of sufficient information to justify a belief therein.

5.

The allegations contained in Paragraph 5 are denied for lack of sufficient information to justify a belief therein.

6.

The allegations of Paragraph 6 contain conclusions of law which require no response on the part of REC Marine. To the extent a response is deemed necessary, the allegations of Paragraph 6 are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in Paragraph 7 are denied for lack of sufficient information to justify a belief therein.

8.

The allegations contained in Paragraph 8 are denied for lack of sufficient information to justify a belief therein.

9.

The allegations contained in Paragraph 9 are denied for lack of sufficient information to justify a belief therein.

10.

The allegations contained in Paragraph 10 are denied.

11.

The allegations of Paragraph 11 contain conclusions of law which require no response on the part of REC Marine. To the extent a response is deemed necessary, the allegations of Paragraph 11 are denied for lack of sufficient information to justify a belief therein. Furthermore, REC Marine denies that it, or any of its employees, were in any manner negligent or responsible for any alleged injuries of the plaintiff, which injuries are specifically denied.

12.

The allegations contained in Paragraph 12 are denied for lack of sufficient information to justify a belief therein.

13.

The allegations contained in Paragraph 13 are denied.

14.

The allegations contained in Paragraph 14 are denied to the extent that they pertain to REC Marine. To the extent that the allegations contained in Paragraph 14 pertain to any other defendant, such are denied for lack of sufficient information to justify a belief therein.

15.

The allegations contained in Paragraph 15 are denied.

16.

The allegations contained in Paragraph 16 are denied.

17.

The allegations contained in Paragraph 17 are denied.

18.

The allegations of Paragraph 18 contain conclusions of law which require no response on the part of REC Marine. To the extent a response is deemed necessary, the allegations of Paragraph 18 are denied.

19.

The allegations contained in Paragraph 19 are denied to the extent that they pertain to REC Marine. To the extent that the allegations contained in Paragraph 19 pertain to any other defendant, such are denied for lack of sufficient information to justify a belief therein.

20.

The allegations contained in Paragraph 20 are denied.

21.

The allegations contained in Paragraph 21 require no response on the part of REC Marine. To the extent a response is deemed necessary, the allegations of Paragraph 21 are denied for lack of sufficient information to justify a belief therein.

22.

The allegations contained in Paragraph 22, the Prayer for Relief, are denied to the extent that they pertain to REC Marine. To the extent that the allegations contained in Paragraph 22 pertain to any other defendant, such are denied for lack of sufficient information to justify a belief therein.

## FOURTH DEFENSE

**AND NOW**, further answering the plaintiff's Complaint, REC Marine denies the allegations of any unnumbered or misnumbered paragraphs, as well as any other allegations of the Complaint which have not already been addressed.

## FIFTH DEFENSE

While at all times specifically denying any and all fault, negligence and/or responsibility, REC Marine alleges and avers that any injuries allegedly sustained by the plaintiff were solely and proximately caused by the plaintiff's own fault, negligence and/or assumption of risk, and recovery is defeated or mitigated.

## SIXTH DEFENSE

In the alternative, REC Marine avers that the matter made the basis of this lawsuit and any damages allegedly suffered by the plaintiff were caused in whole or in part by the fault, acts, negligence or omissions of a third party or parties over whom REC Marine exercised no control or supervision and f or whom REC Marine has no responsibility or liability, such parties being

solely and/or concurrently at fault or negligent, and in the event that it is determined that plaintiff is entitled to recover from REC Marine, which is denied, plaintiff's recovery should be reduced in proportion to the degree or percentage of negligence or fault of such third parties.

### SEVENTH DEFENSE

In the further alternative, and only in the event that plaintiff establishes liability on the part of REC Marine or any other party for whom it would be responsible, which is specifically denied, REC Marine avers that the plaintiff was contributorily and comparatively negligent and recovery is defeated or mitigated.

### EIGHTH DEFENSE

Plaintiff's injuries, if any, resulted from a condition which was open and obvious to plaintiff.

### NINTH DEFENSE

REC Marine avers that any damages allegedly sustained by the plaintiff were the result of intervening and/or superseding acts and/or causes which were the proximate and/or sole causes of those alleged damages, and for which REC Marine or any other person, party, or entity for which REC Marine would be responsible, were not responsible.

### TENTH DEFENSE

Plaintiff's present and/or prospective medical, physical and/or mental condition(s) are not the result of any accident or incidents as described in plaintiff's Complaint, but rather pre-existed or occurred prior to, or subsequent to, the alleged accident described in the Complaint.

**ELEVENTH DEFENSE**

REC Marine avers that plaintiff is not qualified for maintenance and cure benefits under the U.S. Fifth Circuit's decision in *McCorpen v. Cent. Gulf S.S. Corp.*, 396 F.2d 547 (5th Cir. 1968).

**TWELFTH DEFENSE**

REC Marine avers that the plaintiff has failed to mitigate any damages he may have sustained, and his recovery is therefore defeated or mitigated.

**THIRTEENTH DEFENSE**

REC Marine avers that the M/V EMILY D was at all pertinent times seaworthy and fit for the service in which it was engaged.

**FOURTEENTH DEFENSE**

REC Marine alleges and avers that it is entitled to exoneration or limitation of its liability under the Limitation of Vessel Owner's Liability Act of 1851, 46 U.S.C.A. § 30501, *et seq.*, should it be held liable unto plaintiff in any regard, which is specifically denied.  REC Marine in no way waives its right to pursue exoneration or limitation as a defense in any subsequent proceeding in this or any other court of competent jurisdiction and venue.

**FIFTEENTH DEFENSE**

While at all times denying any negligence or fault, REC Marine avers that any claim for punitive damages based on the alleged unseaworthiness of the M/V EMILY D is barred by the U.S. Fifth Circuit's decision in *McBride v. Estis Well Serv., LLC,* 768 F.3d 382 (5th Cir. 2014).

## SIXTEENTH DEFENSE

REC Marine reserves the right to amend and/or supplement this Answer to plaintiff's Complaint as necessary.

**WHEREFORE**, REC Marine Logistics LLC, prays that this, its Answer, be deemed good and sufficient and that after due proceedings are had, that this Court issue judgment in REC Marine's favor and against plaintiff, dismissing plaintiff's Complaint at his cost, and that REC Marine Logistics, LLC be granted such other and further relief as equity and justice of the cause may require and permit.

Respectfully submitted,

*/s/   Salvador J. Pusateri*
SALVADOR J. PUSATERI, T.A. (#21036)
KYLE A. KHOURY (#33216)
PUSATERI, BARRIOS, GUILLOT & GREENBAUM, LLC
1100 Poydras Street
Energy Centre – Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Salvador.Pusateri@pbgglaw.com
Kyle.Khoury@pbgglaw.com
Attorneys for REC Marine Logistics, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of November, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, have enrolled in this Court's CM/ECF program and otherwise consented to receive notice and service via CM/ECF. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

*/s/   Salvador J. Pusateri*