584-20156                                                                    #1266322

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GILBERT DAUPHINE, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO.  2:16-cv-15370** |
| **REC MARINE LOGISTICS, LLC,**<br>**ENERGY XXI USA, INC,** | **JUDGE IVAN L.R. LEMELLE** |
| **ENERGY XXI GULF COAST, INC. AND**<br>**ENERGY XXI, LTD.** | **MAGISTRATE JUDGE**<br>**JANIS van MEERVELD** |

### REC MARINE LOGISTICS, LLC'S ANSWERS TO FIRST REQUESTS FOR ADMISSIONS PROPOUNDED BY PLAINTIFF, GILBERT DAUPHINE, JR.

**NOW INTO COURT,** through undersigned counsel, comes defendant, REC Marine Logistics, LLC ("REC Marine" or "defendant"), which in response to plaintiff, Gilbert Dauphine, Jr.'s First Requests for Admissions avers as follows:

### RESPONSES TO REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1:

Do you admit or deny that you own the vessel "EMILY D" on which Plaintiff was working on October 9, 2015?

### RESPONSE TO REQUEST FOR ADMISSION NO. 1:

Deny. The vessel was and is owned by REC Boats, LLC.

### REQUEST FOR ADMISSION NO. 2:

Do you admit or deny that REC MARINE LOGISTICS, LLC owns the vessel "EMILY D" on which Plaintiff was working on October 9, 2015?

### RESPONSE TO REQUEST FOR ADMISSION NO. 2:

Deny. The vessel was and is owned by REC Boats, LLC.



**REQUEST FOR ADMISSION NO. 3:**

Do you admit or deny that Plaintiff was free from fault in causing the accident on October 9, 2015?

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Deny.

**REQUEST FOR ADMISSION NO. 4:**

Do you admit or deny that you failed to provide Plaintiff a safe place to work?

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Deny.

**REQUEST FOR ADMISSION NO. 5:**

Do you admit or deny that you or any of your employees failed to provide proper safety equipment to Plaintiff?

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Deny.

**REQUEST FOR ADMISSION NO. 6:**

Do you admit or deny that Plaintiff was a seaman within the meaning of the Jones Act/General Maritime Law on October 9, 2015?

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

REC Marine objects to Request No. 6 in that it calls for a purely legal conclusion and is therefore not the proper subject of a Request for Admission.

**REQUEST FOR ADMISSION NO. 7:**

Do you admit or deny that "M/V EMILY D" was considered a "vessel" within the meaning of the General Maritime Law, particularly under 1 USC §3, on October 9, 2015?

2

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

REC Marine objects to Request No. 7 in that it calls for a purely legal conclusion, and is therefore not the proper subject of a Request for Admission.

**REQUEST FOR ADMISSION NO. 8:**

Do you admit or deny that you failed to provide a properly trained and fit crew sufficient to prevent the subject accident from happening?

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Deny.

**REQUEST FOR ADMISSION NO. 9:**

Do you admit or deny that you or any of your employees were negligent and/or at fault in causing the incident which is the subject of this lawsuit?

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Deny.

**REQUEST FOR ADMISSION NO. 10:**

Do you admit or deny that since the subject accident you have taken preventive measures to guard against a similar accident from taking place?

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Preventive measures were in place prior to and at the time of the alleged accident to guard against such an accident. Such measures are still in place. No specific additional measures have been implemented as a result of plaintiff's alleged accident, as such additional preventive measures are not needed.

**REQUEST FOR ADMISSION NO. 11:**

Do you admit or deny that your negligence in causing the subject accident resulted in the violation of an applicable regulation or standard?

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

REC Marine objects to Request No. 11 in that it attempts to require REC Marine to respond to a Request for Admission wherein it is assumed that REC Marine was negligent. REC Marine denies that it was negligent in any way, and denies that it violated any applicable regulation or standard.

**REQUEST FOR ADMISSION NO. 12:**

Do you admit or deny that the M/V "EMILY D" was unseaworthy on October 9, 2015?

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Deny.

**REQUEST FOR ADMISSION NO. 13:**

Do you admit or deny that the unseaworthiness of the M/V "EMILY D" caused Plaintiffs accident on October 9, 2015?

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

REC Marine objects to Request No. 13 in that it attempts to require REC Marine to respond to a Request for Admission wherein it is assumed that the M/V EMILY D was unseaworthy. The M/V EMILY D was not unseaworthy.  Rather, it was at all pertinent times a seaworthy vessel. Because the M/V EMILY D was not unseaworthy, no alleged unseaworthiness could have caused plaintiff's alleged accident.

4

**REQUEST FOR ADMISSION NO. 14:**

Do you admit or deny that an accident occurred on October 9, 2015 in which a personnel basket landed on Gilbert Dauphine?

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

REC Marine, as corporation, has no knowledge of the incident beyond that gained from witnesses who may have seen the alleged accident. At this time, it is believed that an incident took place on October 9, 2015, whereby a personnel basket made contact with plaintiff's body.  Further circumstances are not known at this time.   Accordingly, except as specifically admitted, this Request is denied.

Respectfully submitted,

_/s/ Kyle A. Khoury_
Salvador J. Pusateri, T.A. (#21036)
Kyle A. Khoury (#33216)
PUSATERI, JOHNSTON, GUILLOT
& GREENBAUM, LLC
1100 Poydras Street, Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Salvador.Pusateri@pbgglaw.com
Kyle.Khoury@pbgglaw.com
Attorneys for REC Marine Logistics, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of October, 2017, I served via U.S. mail, facsimile, and/or electronic transmission (e-mail) the foregoing document on all counsel of record.

_/s/ Kyle A. Khoury_